IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **In re: Motion to Compel Compliance with Subpoena Directed to Information Technology Management Services Inc.** | **Misc. Action No. _____** |
| <u>**Underlying Case**</u><br><br>**Plus One, LLC,**<br><br>  Plaintiff,<br><br>  v.<br><br>**Capital Relocation Services LLC,**<br><br>  Defendant. | **Case No. 23-cv-2016 (KMM/JFD) (U.S.D.C. D. Minn.)** |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S
MOTION TO COMPEL COMPLIANCE WITH SUBPOENA
DIRECTED TO NONPARTY INFORMATION TECHNOLOGY
MANAGEMENT SERVICES INC., AND FOR CONTEMPT SANCTIONS**

**I.     Introduction**

Plaintiff in the above-captioned underlying action, Plus One, LLC ("Plus One") has brought an action against Defendant Capital Relocation Services, LLC's ("CapRelo"), in the District of Minnesota, in which Plus One asserts claims for trade secret misappropriation, breach of contract, tortious interference, and other claims arising from and in connection with CapRelo's design, development, sale, and offer to sell its CompanionFlex software product. That action is currently nearing the end of the discovery phase. Approximately two months ago, Plus issued and served subpoenas to certain nonparties, including to one of CapRelo's software development vendors, Information Technology Management Services Inc. ("ITMS").

The subpoena to ITMS seeks a production of certain relevant material information in the underlying action. Since initially responding with a request for an extension of time to comply, ITMS has failed to make any production and has stopped responding to Plus One entirely, such

that the Court's assistance in enforcing the subpoena has become necessary.

**II.    Facts**

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Plus One's counsel noticed and issued a valid subpoena to ITMS, requiring the production of a limited set of documents and things directly relevant to the disputed issues in the underlying proceeding. A copy of the subpoena, which was served personally on September 9, 2024, upon Hoan Le, the registered agent and President of ITMS, is attached hereto as Exhibit 1. A copy of the proof of service is attached hereto as Exhibit 2. A copy of the operative complaint in the underlying action is attached hereto as Exhibit 3.

The subpoena had set the time and place for compliance as 12:00PM on September 19, 2024, at Ballard Spahr LLP, 1909 K Street NW, 12th Floor, Washington, DC 20006-1157. (Ex. 1 at 1). The place for compliance is well under 100 miles from the place of where the subpoena was served—12351 Firestone Ct, Fairfax, VA 22033 (Ex. 2)—which is one of the addresses listed in ITMS's registration with the Virginia Secretary of State. (Ex. 4.) It also is under 100 miles from ITMS's registered principal office address and the address listed on ITMS's website (also in Fairfax, VA). Copies of ITMS's most recent annual report, as filed with the Virginia Secretary of State, and of the location page listed on the ITMS website are attached hereto as Exhibits 4 and 5, respectively.

On September 19, 2024, after the subpoena was served upon him, ITMS's President Hoan Le left a telephone voice message and sent an e-mail to Plus One's counsel (a copy of which is attached hereto as Exhibit 6), to request an extension of time so that he could "review and provide all the required materials in an accurate and comprehensive manner," and affirming that he was "committed to fully complying with the subpoena and will make every effort to gather and submit the requested information by October 11th, 2024." (Ex. 6 at 3.) That same day, Plus One's counsel responded, agreeing to the requested extension, conditioned on full compliance with the document requests by October 11, 2024. (Ex. 6 at 2.)

Since that time, ITMS has provided no other written response or objection to the subpoena, has not produced any documents or things in response, and has not communicated with Plus One at all, repeatedly failing to respond to Plus One's attempts to communicate by phone and email to secure ITMS's compliance with the subpoena. (Ex. 6. at 1–2; Declaration of J. Talcott, ¶¶ 9–12.)

**III.    Argument**

The subpoena (Ex. 1) is valid on its face. It states the court from which it issued and the title of the action and civil action number, and commands ITMS to produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control at a specified time and place, and recites the requisite language of Rule 45(d) and (e). Fed. R. Civ. P. 45(a)(1)(A). It specifies the form or forms in which electronically stored information is to be produced. Fed. R. Civ. P. 45(a)(1)(C). The subpoena was issued from the United States District Court for the District of Minnesota, where the action is pending. Fed. R. Civ. P. 45(a)(2). It was issued and signed by an attorney authorized to practice in the issuing court. Fed. R. Civ. P. 45(a)(3). It was served by personal delivery to ITMS, via its registered agent and president, in Virginia. Fed. R. Civ. P. 45(b). It commands only the production of documents, electronically stored information, or tangible things, commanded production "at a place within 100 miles of where [ITMS] resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(2)(A).

The subpoena seeks a production of documents, things, and electronically stored information "regarding … nonprivileged matter[s] that [are] relevant to any party's claim or defense and proportional to the needs of the case…." Fed. R. Civ. P. 26(b)(1). The information sought goes to the heart of the underlying case (*compare generally* Ex. 1 *with* Ex. 3), specifically relating to: (a) CapRelo's and ITMS's receipt, knowledge, and use of Plus One's confidential and trade secret information in connection with their development of CapRelo's competing CompanionFlex product (*e.g.*, Request Nos. 1-5, 9-10), (b) the advantages CapRelo gained by

using such information, including time and cost savings (e.g., Request No. 7), (c) the knowledge that such information was confidential and governed by a nondisclosure agreement (*e.g.*, Request No. 8), (d) CapRelo's (baseless) defense that this confidential information is not a trade secret because it is widely known and in use in the relocation management industry (*e.g.*, Request No. 6), and (e) reasons for the availability, or non-availability, of the foregoing evidence (*e.g.*, Request No. 11). These requests were tailored to the most significant contested issues in the litigation, and intended to avoid imposing undue burden on ITMS. (Declaration of J. Talcott, ¶ 1); Fed. R. Civ. P. 45(d)(1).

ITMS has never objected to the subpoena in any way: not within 14 days of service, not at the time set for compliance, and not at any other time. (Declaration of J. Talcott, ¶ 10); Fed. R. Civ. P. 45(d)(2)(B). Nor has ITMS moved to quash or modify the subpoena, claimed any undue burden or cost associated with making a fulsome response, or claimed or logged any asserted privileges. Fed. R. Civ. P. 45(d)(3), Fed. R. Civ. P. 45(e)(1)(D); Fed. R. Civ. P. 45(e)(2). To the contrary, ITMS expressed that it needed a few extra weeks to ensure its gathering and review of the information sought would be "comprehensive," as ITMS was "committed to fully complying with the subpoena." (Ex. 6 at 3.)

Having failed to object or respond to the subpoena, ITMS has waived any objections that it might have had. Fed. R. Civ. P. 45(d)(2)(B); *see also Tuite v. Henry*, 98 F. 3d 1411, 1416 (D.D.C. 1996) (discussing requirement); *Alexander v. FBI*, 186 F.R.D. 21, 34 (D.D.C. 1998) (same). But ITMS did not simply fail to respond—it promised a complete production and requested (and received) an extension of time for that purpose, only to then ignore its obligations entirely. As ITMS has no valid excuse for its failure to obey the subpoena, contempt sanctions are warranted. Fed. R. Civ. P. 45(g).

In addition to ordering ITMS's immediate and complete compliance with the subpoena, the appropriate contempt sanction here would be an order requiring ITMS to pay Plus One's attorneys' fees and costs in connection with its attempts to enforce ITMS's compliance the subpoena. Such a sanction compensates Plus One for the unnecessary expenses it has incurred,

and should be minimally effective to secure ITMS's compliance and deter similar misconduct by ITMS and others who might be inclined to ignore their legal obligations.

### IV. Conclusion

Plus One cannot afford a further delay, as fact discovery in the underlying action has been set to close on December 20, 2024. (*See* Ex. 7.) In order to allow Plus One sufficient time to review the responsive information in ITMS's possession, custody, and control which the subpoena, and to have use of that information for the remainder of fact discovery (for example, in preparation for and in taking depositions) and in expert discovery, Plus One respectfully requests that this Court now:

(a) GRANT this motion,

(b) ORDER ITMS to produce all materials responsive to the subpoena within 7 days of the Court's order, but in any event by no later than December 1, 2024; and

(c) ORDER ITMS to pay Plus One's attorneys' fees and costs incurred in connection with its attempts to enforce ITMS's compliance with the subpoena, which are estimated to be approximately $5,750 as of the date of this motion (a more complete accounting will follow pending the Court's granting of this request).

Dated: November 7, 2024.    Respectfully submitted,

/s/Charles D. Tobin
Charles D. Tobin (#455593)
**BALLARD SPAHR LLP**
1909 K Street NW, 12th Floor
Washington, DC 20006
Telephone: (202) 661-2200
Facsimile: (202) 661-2299
tobinc@ballardspahr.com

*Counsel for Plaintiff and Movant
Plus One Relocation, LLC*

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 7th day of November, 2024, a true and correct copy of the forgoing was served on Information Technology Management Services Inc. via US Mail, first class postage prepaid, and via FedEx next day delivery, to 12019 English Maple Ln, Fairfax, VA 22030 and to 12351 Firestone Ct, Fairfax, VA 22033, and by e-mail as follows:

    Hoan Le, President
    Information Technology Management Services Inc.
    hoan.le@itmsinc.com
    Phone: (703) 625-1535

    *and*

    Barry M. Landy
    Patrick "Gus" Cochran
    Melissa A. Goodman
    Ciresi Conlin, LLP
    bml@ciresiconlin.com
    pac@ciresiconlin.com
    mag@ciresiconlin.com
    225 South Sixth Street, Suite 4600
    Minneapolis, MN 55402
    Phone: (612) 361-8200
    *Attorneys for Defendant*
    *Capital Relocation Services, L.L.C.*

                                                          */s/ Tasha Hart*