IN THE UNITED STATES DISTRICT CORUT
FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| IN RE: MOTION TO COMPEL COMPLIANCE WITH SUBPOENA | ) ) ) ) ) Misc. Action 24-152 (ABJ/MJS) |

**OPPOSITION TO PLUS ONE, LLC'S MOTION TO COMPEL COMPLIANCE WITH SUBPOENA DIRECTED TO NONPARTY INFORMATION TECHNOLOGY MANAGEMENT SERVICES INC., AND FOR CONTEMPT SANCTIONS**

NOW COMES Respondent Information Technology Management Services, Inc. ("ITMS") and, out of an abundance of caution, files this Opposition to Plus One, LLC's Motion to Compel Compliance with Subpoena Directed to Nonparty Information Technology Management Services Inc., and for Contempt Sanctions (the "Motion"). The underlying reason for the Motion is now resolved, as ITMS has produced the materials requested in its possession. Moreover, the request for sanctions in the form of attorney's fees and costs is inappropriate under applicable law and should be denied. Accordingly, ITMS respectfully requests that the Court deny the Motion and dismiss it with prejudice, with no award of any requested sanctions.

I.   **The Motion to Compel is Moot.**

ITMS is a small, single-owner business that contracts with companies in the information technology space. Hoan Le, the President of ITMS, received a Subpoena to Produce Documents, Information, or Objects (the "Subpoena") on or about September 9, 2024, requesting certain documents and materials related to underlying litigation between Plus One, LLC ("Plus One") and Capital Relocation Services LLC ("CapRelo"), pending in the United States District Court for the District of Minnesota. *See* Ex. 1 at Jonathon A. Talcott Declaration (Dkt. No. 1-2). The Subpoena requested documents and other materials in 11 broad categories,[1] related to work on a

---

[1] ITMS reserves all rights to object to the categories in the Subpoena, for example because they are overly broad in scope and time frame.

contract that ITMS has with CapRelo. *See id.* The subpoena sought compliance within 10 days. *See id.*

At the time, ITMS was not represented by counsel. Mr. Le, who received the subpoena, was ***pro se*** and unsure how to proceed given the broad categories of documents sought and the short timeframe with which to comply. In addition, ITMS had never been involved with Plus One, so he did not understand why ITMS was being brought into Plus One's litigation with CapRelo.[2] In any event, he contacted counsel for Plus One for an extension of time to comply with the Subpoena, which he received. Unfortunately, Mr. Le underestimated how much time he needed to comply with the Subpoena in relation to his various, day-to-day business duties and responsibilities as the only owner of ITMS (those duties and responsibilities have also regrettably diverted his attention away from communications from Plus One's counsel). This included a necessary business trip to Vietnam. Upon his return to the country, he saw there was a package that had been delivered by FedEx to his home while he was away on November 7, 2024, containing the Motion and seeking production of the materials and sanctions for not having produced the materials to date.[3]

Mr. Le then sought legal counsel, gathered the materials in his possession responsive to the Subpoena, and the materials were produced to counsel for Plus One today.[4]

---

[2] Mr. Le was also confused as to how his business relationship with CapRelo was relevant to what is seemingly and primarily a dispute between Plus One and Walmart that developed before ITMS had a meaningful relationship with CapRelo.

[3] Because Mr. Le received the Motion by mail, he had three additional days to respond to the Motion (in addition to the 14 days afforded under the Local Rules). *See* Fed. R. Civ. P. 6(d). Further, ITMS will provide a declaration or affidavit from Mr. Le to verify this information, if the Court so desires.

[4] Given this full compliance with the Subpoena, Undersigned Counsel intends to seek a meet and confer with Plus One's Counsel within the next day or so, to confirm that Plus One will

The request to compel is now moot as ITMS has complied with the Subpoena. *See, e.g.*, *Off. of Thrift Supervision Dep't of Treasury v. Dobbs*, 931 F.2d 956, 957 (D.C. Cir. 1991) ("Once [a] party has complied with the subpoena and the party issuing the subpoena has obtained the testimony or documents it is seeking, there is no longer a live controversy between the parties." (citing cases)).

## II.     Plus One's Request for "Contempt Sanctions" Fails as a Matter of Law.

In the Motion, Plus One requests its alleged "attorneys' fees and costs incurred in connection with its attempts to enforce ITMS's compliance with the Subpoena, which are estimated to be approximately $5,750 as of the date of this motion . . . ." Compel and Sanctions Mem. (Dkt. No. 1-1) at 5. Plus One's request for these sanctions is inappropriate under controlling law—indeed Plus One cites no case authority awarding attorney's fees and costs under similar circumstances—and it should be denied with prejudice.

The D.C. Circuit has held that sanctions cannot be imposed under Rule 45(g) unless there is a violation of a *prior* court order. *See Food Lion, Inc. v. United Food & Com. Workers Int'l Union*, 103 F.3d 1007, 1016 (D.C. Cir. 1997) ("Under [Rule 45(g)'s predecessor], a party moving to hold another party in contempt must demonstrate by clear and convincing evidence that the alleged contemnor *violated the court's prior order*." (emphasis in original) (citing cases)); *In re Chodiev*, 2020 WL 9439389, at *6 (D.D.C. Aug. 11, 2020) ("In civil litigation, it would be rare for a court to use contempt sanctions without first ordering compliance with a subpoena, and the order might not require all the compliance sought by the subpoena." (quoting Fed. R. Civ. P. 45(g) advisory committee's note to 2013 amendment)); *HT S.R.L. v. Velasco*, 2015 WL 13759884, at *6 (D.D.C. Nov. 13, 2015) (setting aside award of attorneys' fees and

---

withdraw its Motion.

3

costs because "there was no predicate court order commanding compliance with the subpoena for the respondent to violate" (footnote omitted)); *see also In re Exxon Valdez*, 142 F.R.D. 380, 385 (D.D.C. 1992) (similar). And even where sanctions are available, they do not have to be in the form of attorney's fees and costs. *See Velasco*, 2015 WL 13759884, at *6 (explaining that, unlike Rule 37(a)(5), which has a provision allowing a successful movant to seek attorney's fees, Rule 45 does not).

Therefore, because ITMS has violated no previous court order instructing it to comply with the Subpoena, the request for sanctions necessarily fails.

## CONCLUSION

For the foregoing reasons, ITMS respectfully requests that this Court deny the Motion and dismiss it with prejudice in its entirety.

Dated: November 25, 2024

Respectfully Submitted,

/s/ Hugham Chan
Hugham Chan
Crowell & Moring LLP
1001 Pennsylvania Avenue, NW
Washington, DC 20004
Tel: (202) 624-2691
Fax: (202) 628-5116
Email: hchan@crowell.com

*Counsel for ITMS*

4

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of November, 2024, I filed a copy of the foregoing with the Clerk of the Court through the Court's CM/ECF system. Counsel of record for Plus One will be served through the Court's CM/ECF system.

Dated: November 25, 2024                                          /s/ Hugham Chan
                                                                                         Hugham Chan

                                                                                         *Counsel for ITMS*